IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AMARANTO DON ZAPATA, | ) | |
| | ) | Civil No. 05-1075-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to challenge the legality of his underlying state convictions. For the reasons identified below, the Petition for Writ of Habeas Corpus (#2) is dismissed.

## BACKGROUND

Petitioner was convicted following a 1996 jury trial in Yamhill County of the following felonies: four counts of Sexual Abuse in the First Degree, two counts of Sodomy in the First Degree, three counts of Sodomy in the Second Degree, Rape in the First Degree, two counts of Rape in the Second Degree, and Using a Child in Display of Explicit Conduct. Respondent's Exhibit 101. As a result, petitioner was sentenced to a total of 528 months in prison. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. State v. Zapata, 155 Or.App. 488, 967 P.2d 530, rev. denied, 327 Or. 583, 971 P.2d 411 (1998).

Petitioner next filed for post-conviction relief ("PCR") in Marion County, but the PCR trial court denied relief. The Oregon Court of Appeals dismissed the appeal as untimely, and the Oregon Supreme Court denied review. Zapata v. Belleque, 2005 Or. LEXIS 115.

2 - OPINION AND ORDER

On July 7, 2005, petitioner signed his federal Petition for Writ of Habeas Corpus, thereby filing it with the court pursuant to the "prison mailbox rule." See Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000). The parties agree that petitioner failed to file this case within the one-year statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Petitioner argues, however, that AEDPA's statute of limitations should be equitably tolled because: (1) he is actually innocent; and (2) his medical infirmities impeded his ability to proceed more expeditiously. He asks the court to conduct an evidentiary hearing so he may develop these assertions.

## DISCUSSION

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

In this case, petitioner argues that equitable tolling is appropriate because he is actually innocent of his underlying convictions. Neither the Supreme Court nor the Ninth Circuit has

3 - OPINION AND ORDER

ever held that a habeas petitioner who breaches AEDPA's limitation period may overcome that procedural bar by proving his actual innocence. See Majoy v. Roe, 296 F.3d 770, 777 (9th Cir. 2002) (declining to resolve whether actual innocence can excuse an untimely petition). Assuming that a showing of actual innocence could excuse the timeliness bar, petitioner has not met his burden here.

In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id. at 324; Downs v. Hoyt, 232 F.3d 1031, 1040 (9th Cir. 2000), cert. denied, 121 S.Ct. 1665 (2001). Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327; Bousley v. United States, 523 U.S. 614, 623 (1998); Downs, 232 F.3d at 1040.

In this case, petitioner "requests the opportunity to testify [at an evidentiary hearing] concerning his claim of innocence." Reply (#25), p. 6. He apparently wishes to personally testify

4 - OPINION AND ORDER

before the court regarding the veracity of his victims. Petitioner does not claim to have any new evidence which was not presented at trial, nor has he described why the testimony he seeks to provide at an evidentiary hearing would be so compelling that no reasonable juror would have convicted him given the totality of the evidence.

Similarly, petitioner asserts that his unidentified health problems made it impossible for him to timely file his Petition. He asks the court to conduct an evidentiary hearing on this issue so he can personally address the court and "recite the health problems that delayed his filing." Reply (#25), p. 8. Petitioner fails to disclose what those health problems are, and why they made it impossible for him to file his Petition any sooner than 2333 days following the conclusion of his state court proceedings.

"A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" Roy v. Lampert, 465 F.3d 964 (9th Cir. 2006) (italics removed) (quoting Laws v. Lamarque, 351 F.3d 919, 919 (9th Cir. 2003). In this case, petitioner has not provided the court with any allegation that, if proven true during an evidentiary hearing, would entitle him to relief. Accordingly, the court declines to hold an evidentiary hearing and concludes that equitable tolling is not appropriate in this case. The Petition is therefore subject to dismissal on the basis that it is untimely.

5 - OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice because it was not timely filed.

IT IS SO ORDERED.

DATED this __3__ day of March, 2007.

                               /s/Michael W. Mosman
                                Michael W. Mosman
                                United States District Judge